IN THE MATTER OF THE PETITION OF GEORGE W. McLEAN, AS RECEIVER OF TAXES IN THE CITY OF NEW YORK, TO ENFORCE THE PAYMENT OF THE TAX FOR PERSONAL PROPERTY IMPOSED UPON THE WYANDANCE BRICK AND TERRA COTTA COMPANY.

*Corporations — place of taxation of — effect of a certificate of incorporation not locating the principal office.*

The Revised Statutes provide that the personal property of a corporation shall be assessed in the town or ward where the " principal office or place for transacting the financial concerns of the company shall be; " or, if it has none, then where the operations of the corporation shall be carried on.   The Wyandance Brick and Terra Cotta Company, whose certificate of incorporation was filed in Suffolk county, and stated that its operations were to be carried on in the town of Babylon, in that county, was assessed for personal property in New York city.

Upon a motion, made by the receiver of taxes of New York city for an order enforcing payment of the tax, the petition of the receiver of taxes of New York city alleged that the corporation was a moneyed or stock corporation, having its principal office or place for transacting its financial concerns in New York city. This statement was not denied, and was supported by a return of the company, filed in the office of the commissioner of taxes and assessments.

The affidavit of the treasurer of the corporation stated that the certificate of incorporation, filed in Suffolk county, stated that " the name of the town and county in which the operations of the said company are to be carried on are town of Babylon, Suffolk county," but the certificate of incorporation was not presented.

Upon an appeal by the corporation from an order directing payment of the tax, interest and costs:

*Held,* that, in the absence of the certificate of incorporation, or of proof that it located the principal office of the corporation in Babylon, the corporation must be taxed in New York city, where the evidence showed that its financial concerns were transacted.

That where the principal office of a corporation is located, by its certificate of incorporation, it is taxable only at that location.

APPEAL by the Wyandance Brick and Terra Cotta Company from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York, on the 19th day of May, 1892, fining the company, for its failure to pay a personal tax assessed and confirmed against it for the year 1890, the amount of the tax and the interest and costs, and directing payment thereof to the clerk of the city and county of New York, and the payment thereof by such clerk to the petitioner.

*D. G. Harriman*, for the company, appellant.

*John G. H. Meyers*, for the receiver of taxes, respondent.

BARRETT, J.:

The appellant claims that it is not taxable in this county for the reason that its certificate of incorporation was not filed here, but was filed in the clerk's office of the county of Suffolk, and that such ecrtificate states that : " The name of the town and county in which the operations of the said company are to be carried on are town of Babylon, Suffolk county."

Upon this state of facts, the appellant contends that its case comes within the authorities holding that the location, for the purpose of taxation, of a manufacturing corporation, organized under the general act of 1848 (chap. 40), is the place designated in its certificate as that where the operations of the company are to be carried on. (*Oswego Starch Factory* v. *Dolloway*, 21 N. Y., 449 ; *Union Steamboat Co.* v. *City of Buffalo*, 82 id., 351 ; *Chesebrough Manufacturing Co.* v. *Coleman*, 44 Hun, 545.)

This contention is not well founded for two reasons : First. The appellant fails to show that it *was* incorporated under the act of 1848 ; and, second, no copy of the certificate having been presented in opposition to the motion, we cannot assume that such certificate is silent as to the company's principal office or place for transacting its financial concerns. It may well be that the certificate fixes the company's principal office or place for transacting its financial concerns as well as the county in which its operations are to be carried on. The respondent's petition states that : " In the year 1890 the Wyandance Brick and Terra Cotta Company was *a moneyed or stock* corporation, having its principal office or place for transacting its financial concerns in the city of New York."

This statement is not denied, and it is supported by the return made by the company for the year in question, which was filed in the office of the commissioner of taxes and assessments.

The case is thus taken out of the rule laid down in *Oswego Starch Factory* v. *Dolloway* (*supra*) and is brought within the Revised Statutes and the case of *McLean, Receiver*, v. *Couper Milling Company* (38 N. Y. St. Rep., 893 ; affirmed, 133 N. Y., 603).

The provision of the Revised Statutes is as follows: "All the personal estate of every incorporated company liable to taxation on its capital shall be assessed in the town or ward where the *principal office or place for transacting the financial concerns* of the company shall be; or if such company have no principal office or place for transacting its financial concerns, then in the town or ward where the operations of such company shall be carried on." (2 R. S. [Bank's 8th ed.], 1094, § 6.)

The facts of this case are almost precisely similar to those in *McLean, Receiver*, v. *Couper Milling Company* (*supra*).

The petition of the receiver of taxes there, as here, stated that the company was *a moneyed or stock corporation*, having its principal office or place for transacting its financial concerns in the city of New York. The latter statement was denied by the president of the company, but the court held that his statements were discredited and overcome by a return made to the commissioners similar to that which was made in this case. Here the affidavit of the treasurer, filed in opposition to the motion, fails to meet the material averments of the petition either by positive denial or by the statement of affirmative facts. It is not necessary, therefore, to discredit his affidavit in order to sustain the proceeding. The proof is clear as to the company's principal office or place for transacting its financial concerns, and we are not informed whether this principal office was or was not fixed in its certificate. The language of FINCH, J., in *Union Steamboat Company* v. *City of Buffalo* (*supra*) is, therefore, applicable: "If the company had a principal office, fixed by its certificate, that, and that only, was its residence for purposes of taxation. If it had no principal office, *so located by its certificate*, then it was to be taxed where its financial concerns were transacted."

The point with regard to the defects in the petition need not be specially considered. It is the same form of petition as was sustained in *McLean, Receiver*, v. *Couper Milling Company* (*supra*), and it is sufficient.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.